IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KEVIN ALSTON,<br><br>      Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC., and DOES 1-5,<br><br>      Defendants. | FILED: APRIL 25, 2008<br>08CV2382         LI<br>JUDGE   DARRAH<br>MAGISTRATE JUDGE ASHMAN<br><br>**JURY DEMANDED** |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Kevin Alston brings this action to rescind a "subprime" mortgage and recover damages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

### PARTIES

3.      Plaintiff Kevin Alston owns and resides in a home (two flat) at 3617 N. 20th Street, Milwaukee, WI 53206.

4.      Defendant Countrywide Home Loans, Inc. is a New York corporation with principal offices at 4500 Park Granada, Calabasas, CA 91302. It does business in Wisconsin.

5.      Defendant Countrywide Home Loans, Inc. is engaged in the business of originating and purchasing mortgage loans.

6.      Defendant Mortgage Electronic Registration Systems, Inc. is a corporation

with its principal offices at 1595 Spring Hill Rd., Suite 310, Vienna, Virginia 22182.  It does business in Wisconsin.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.  It is engaged in the business of holding title to mortgages.

## FACTS RELATING TO PLAINTIFF

7. Prior to Feb. 23, 2007, plaintiff applied for a mortgage with New Century Mortgage Corporation,  now bankrupt.

8. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

9. The loan, in the amount of $93,500 with a disclosed annual percentage rate of 11.249%, was closed with New Century on  Feb. 23, 2007.

10. The Truth in Lending statement failed to disclose the payment schedule.  See Exhibit A.

11. Plaintiff was later directed to make payments to Countrywide Home Loans, Inc.

12. Defendant Mortgage Electronic Registration Systems, Inc. continues to hold title to plaintiff's mortgage.

13. On information and belief, Countrywide Home Loans, Inc. is the beneficial owner of plaintiff's loan.

14. In any event, Countrywide Home Loans, Inc. claims rights under plaintiff's note and mortgage, namely, the right to receive payments under it.

15. In the event Countrywide Home Loans, Inc. does not own plaintiff's loan the actual owners or holders are named as Does 1-5.

## RIGHT TO RESCIND

16. Because the transaction was secured by plaintiff's home, and was not

entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> > **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
> >
> > **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
> >
> > **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]**
> >
> > **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> > **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> >
> > **(2) The consumer's right to rescind the transaction.**
> >
> > **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> >
> > **(4) The effects of rescission, as described in paragraph (d) of this section.**
> >
> > **(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

### GROUNDS FOR RESCISSION

17. In connection with the loan, New Century failed to provide the required financial disclosures, in violation of 15 U.S.C. §1637 and 12 C.F.R. §226.18, in that the payment schedule was not properly disclosed.

18. Notice of rescission has been given to defendants.

19. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

20. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a.    A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

    b.    If appropriate, statutory damages for failure to rescind;

    c.    Attorney's fees, litigation expenses and costs.

    d.    Such other or further relief as the Court deems appropriate.

                                          s/Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\21167\Pleading\Complaint_Pleading.wpd

```
08CV2382           LI
JUDGE DARRAH
MAGISTRATE JUDGE ASHMAN
```

# EXHIBIT A

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
For use with Adjustable Rate Mortgage Loans

**NEW CENTURY MORTGAGE CORPORATION**

Date: February 23, 2007    Loan#: 1011829809

Borrower(s): Kevin N. Alston

Property Location: 3617 N 20th St
Milwaukee, WI 53206

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate. | FINANCE CHARGE  The dollar amount the credit will cost you. | Amount Financed  The amount of credit provided to you or on your behalf. | Total of Payments  The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.249% | $ 292,874.34 | $ 89,771.91 | $ 382,646.25 |

☐ Preliminary    ☐ Redisclosure    [X] Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 24 | $ 674.80 | 04/01/07 |
| 6 | $ 817.29 | 04/01/09 |
| 329 | $ 901.39 | 10/01/09 |
| 1 | $ 64,990.00 | 03/01/37 |

☐ This obligation has a demand feature.

This is a variable-rate Loan. Disclosures were provided to you earlier.

Filing Fees $ 92.00    Non-Filing Insurance $ N/A

Security: You are giving a security interest in the property located at

[X] 3617 N 20th St, Milwaukee, WI 53206

Late Charge: If payment is 15 days late, you will be charged 5.000% of the payment.

Prepayment: If you pay off early, you

[X] may    ☐ will not    have to pay a penalty.
☐ may    [X] will not    be entitled to a refund of part of the finance charge.

Assumption: Someone buying your home

[X] cannot assume the remainder of the mortgage on the original terms.
☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.
e means an estimate

PROPERTY INSURANCE: [X] Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance ☐ is [X] is not available through the lender at an estimated cost of N/A for a N/A year term.

I/We hereby acknowledge receipt of this disclosure.

_____    Date ____    _____    Date ____
Kevin N. Alston

_____    Date ____    _____    Date ____

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

NCMC
Truth in Lending - ARM
RE-274   (122106)        Page 1 of 2        1011829809